UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: _____

ESSA YAKUBOVA

      Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES, LTD.,
a foreign corporation, doing business in
Florida,

      Defendant.

_____/

## COMPLAINT FOR DAMAGES

The Plaintiff, ESSA YAKUBOVA, hereby sues the Defendant, ROYAL CARIBBEAN

CRUISES, LTD., a foreign corporation, doing business in Florida, and files this Complaint, and

alleges:

## THE PARTIES AND JURISDICTION

1.      This is an action seeking damages in excess of $75,000.00, exclusive of interest,

costs and attorney's fees.

2.      **THE PLAINTIFF**.  The Plaintiff ESSA YAKUBOVA is sui juris and is a

resident of Florida. YAKUBOVA'S principal residence is in Florida.

3.      **THE DEFENDANT**. The Defendant, ROYAL CARIBBEAN

CRUISES, LTD., a foreign corporation, doing business in Florida. (hereinafter referred to as

Royal Caribbean or Defendant or the cruise line), is incorporated outside the state of Florida, but

does business in the State of Florida, and at all times material hereto was and is doing business in Miami-Dade County, Florida.  At all times material hereto, the Defendant controlled and operated a cruise destination known as Labadee, Haiti, on which it promotes its "private island" for use of the beach area thereon, by its cruise ship passengers including those on the *Freedom of the Seas*.

4.      Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332, as this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state, and arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C.§ 1333, and is being filed in Federal Court as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant.

5.      **VENUE AND PERSONAL JURISDICTION**. The Defendant, at all times material hereto, itself or through an agent or representative, in the County and in the District in which this Complaint is filed:

a.      Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

b.      Had an office or agency in this state and/or county; and/or

c.      Engaged in substantial activity within this state; and/or

d.      Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

2

6.      Venue is proper in Federal Court in Miami-Dade County, Florida, as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant.

7.      All **conditions precedent** for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

### OTHER ALLEGATIONS COMMON TO ALL COUNTS

8.      **DATE OF ACCIDENT.**  This accident occurred on May 14, 2013.

9.      **LOCATION OF INCIDENT.** This accident occurred on Royal Caribbean's cruise port on its leased property in Labadee, Haiti, while the Plaintiff was a passenger of the *Freedom of the Seas.*  The stop at Royal Caribbean's port, an area of beach and shops owned by Royal Caribbean, was a part of the Defendant's cruise itinerary.  Accordingly, the Plaintiff's claims are governed by the general maritime law.

10.      **STATUS OF PLAINTIFF AS OF DATE AND TIME OF ACCIDENT.**  At all times material hereto, the Plaintiff was a passenger on the subject cruise ship and/or the beach area controlled by Royal Carribean, as herein described, and, accordingly, was an invitee at the time and place of the incident.

11.      **DESCRIPTION OF THE ACCIDENT.**  ROYAL CARIBBEAN CRUISES, LTD., a foreign corporation, doing business in Florida, is in the business of providing vacation experiences through cruises to cruise passengers. The vacation experience, that is the cruise, includes events which take place on the ship and off the ship.

12.      The ports at which the Royal Caribbean cruise ships land are also part and parcel

3

of the cruise/vacation experience. One of the ports chosen by Royal Caribbean to become part of the cruise, for *Freedom of the Seas* in May of 2013, was a cruise ship port in Labadee, Haiti, which was leased, controlled, constructed and operated by or on behalf of Royal Caribbean, that includes and area of beach and shops controlled by or on behalf of Royal Caribbean. The cruise ship port has walkway which leads to the beach and shops.

13.     The cruise port is not within any walking distance of any other activities on Labadee, Haiti. It is thus isolated from any properties owned by any entities other than Royal Caribbean. Thus, the purpose of the port is to act as part of the cruise in order to allow passengers to use the beach and to sell items to cruise ship passengers.

14.     Further, the walkway on the day of this incident, and for months before this accident was cracked and in disrepair which caused people to trip and fall. One of those people was the Plaintiff, Royal Carribean Cruise passenger Essa Yakubova.

15.     Despite the fact that Royal Caribbean knew, or should have known, that this sidewalk was cracked, it failed to to take action to provide a safe sidewalk and/or properly keep the sidewalk in a proper manner. Further, the beach sand was permitted to bild up onto the sidewalk obscuring the cracks in such a manner that passengers could not observe the cracks leading them to trip and fall thereon.

<u>COUNT I</u>

<u>NEGLIGENCE</u>

16.     The Plaintiff, hereby adopts and realleges each and every allegation in paragraphs 1 through 15, above.

4

17.     **DUTIES OWED BY THE DEFENDANT**. The Defendant owed a "duty to

exercise reasonable care for the safety of its passengers" including the Plaintiff herein. See, *Hall*

*vs. Royal Caribbean Cruises, Limited*, 888 So. 2d 654 (Fla. 3d DCA 2004), 2004 A.M.C. 1913;

citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed.

2d 550 (1959); *The Moses Taylor*, 4 Wall. 411, 71 U.S. 411, 18 L. Ed. 397 (1866); *Carlisle v.*

*Ulysses Line Ltd*., 475 So. 2d 248 (Fla. 3d DCA 1985). The Defendant also owed a "duty to

exercise reasonable care under the circumstances". See, *Harnesk vs. Carnival Cruise Lines,*

*Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991). The Defendant's "duty is to warn of

dangers known to the carrier in places where the passenger is invited to, or may reasonably be

expected to visit."  See, *Carlisle vs. Ulysses Line Limited*, *S.A*., 475 So. 2d 248 (Fla. 3d DCA

1985).  *Vierling v. Celebrity Cruises*, 339 F.3d 1309, 1319-20 (11th Cir. 2003)("Courts sitting

in admiralty have long recognized an obligation on the part of a carrier to furnish its passengers

with a reasonably safe means of boarding and leaving the vessel, that this obligation is

nondelegable, and that even the 'slightest negligence' renders a carrier liable). The cruise line

has a duty to provide safe ingress and egress to and from the ship. *Tittle v. Aldacosta*, 544 F.2d

752 (5th Cir. 1977); *Bellocchio v. Italia Flotte* 84 F.2d 975 (2d Cir. 1936); *Samuelov v.*

*Carnival,* 870 So.2d 853 (Fla. 3DCA 2004); and *Chan v. Society Expeditions*, 123 F.3d 1287

(9th Cir. 1997). A Florida intermediate appellate court has said that a cruise line owes its

passengers a duty to warn of known dangers beyond the point of debarkation in places where

passengers are invited or reasonably expected to visit. *Carlisle v. Ulysses Line Ltd., S.A.,475*

So. 2d 248, 251 (Fla. Dist. Ct. App. 1985). *See, e.g., Koens v. Royal Caribbean Cruises, Ltd.,* 774 F. Supp. 2d 1215, 1219-1220 (S.D. Fla. 2011); *McLaren v. Celebrity Cruises, Inc.,* No. 11-23924—CIV, 2012 WL 1792632, at *8-9 (S.D. Fla. May 16, 2012); *Gentry v. Carnival Corp.,* No. 11-21580—CIV, 2011 WL 4737062, at *3 (S.D. Fla. Oct. 5, 2011).

18.     The Defendant breached those duties and was negligent by:

   a.     Failing to keep the sidewalk clean and in a proper manner to allow normal and safe foot traffic;

   b.     Failing to warn that the sidewalk was cracked and faulty;

   c.     Failing to regularly clean the sidewalk or clear the build up of beach sand on the sidewalk;

   d.     Failing to replace sidewalk material once it was found to be cracked and faulty;

   e.     Failing to cordon this area because it was cracked and dangerous;

   f.     Failing to post warning signs in the area where it was cracked, therefore, dangerous ;

   g.     Failing to provide another means of transgressing from the cruise ship to the beach and return other than the cracked sidewalk in Labadee, Haiti;

   h.     Failing to provide some material, cordon, warning signs or other material on top or around the cracked sidewalk in order to make the sideway reasonable or safe and to prevent falls;

   i.     Failing to otherwise warn pedestrian of the hazards of walking on this sidewalk while in Labadee, Haiti;

   j.     Failing to inspect the sidewalk;

6

k.    Failing to observe that the sidewalk was cracked;

l.    Failing to properly and reasonably train its employees in the proper methods of monitoring their passengers while walking in the cracked sidewalks in Labadee, Haiti;

m.    Failing to properly and reasonably monitor and control the activities of people in an area especially an area which Defendant knows is an area of high traffic and dangerous and hazardous cracked sidewalks covered by sand;

n.    Failing to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the one in this case;

o.    Allowing an ongoing, recurring, continuous and/or repetitive problem to occur or to remain on the premises which would cause accidents or injuries.

p.    Providing negligent maintenance to the area or to the sidewalks;

q.    Failing to otherwise maintain the area and the premises in a safe and reasonable manner;

r.    Allowing the sidewalk to crack and sand to accumulate on the sidewalk;

s.    Failing to comply with applicable standards, statutes, and/or regulations the violation of which is negligence per se and/or evidence of negligence; and

19.    The Defendant created a dangerous condition on the area where cruise ship passengers are allowed to walk and which existed thereby causing an accident on the date referenced above in which the Plaintiff was severely injured.

20.    The Defendant either (a) created the dangerous condition, through its agents or employees; (b) had actual knowledge of the dangerous condition; and/or (c) had constructive knowledge of the dangerous condition.

21.     The Defendant had constructive knowledge of the dangerous condition by, inter alia, (a) the length of time the dangerous condition existed; (b) the size and/or nature of the dangerous condition; and/or (c) the fact that the dangerous condition, a similar dangerous condition, or the cause of the dangerous condition was repetitive, continuous, ongoing, recurring, or occurring with some regularity. Thus, the dangerous condition was reasonably foreseeable and in the exercise of reasonable care the Defendant should have known about it.

22.     In the alternative, notice to the Defendant is not required because the Defendant (a) engaged in and was guilty of negligent maintenance; and/or (b) engaged in and was guilty of negligent methods of operations.

23.     The negligent condition was created by the Defendant; and was known to the Defendant; and had existed for a sufficient length of time so that Defendant should have known of it; and was a continuous or repetitive problem thus giving notice to the Defendant.

24.     The negligent condition occurred with sufficient regularity so as to be foreseeable by the Defendant, and should have been foreseeable by the Defendant.

25.     As a result of the Defendant's negligence, the Plaintiff has suffered bodily injury and possibly aggravation of preexisting conditions, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

WHEREFORE, the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to damages as a result of Plaintiff's bodily injury and pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization and medical and nursing care and treatment, loss of earnings, loss of ability to earn money, loss of important bodily functions, and significant and permanent scarring or disfigurement, which have been incurred or suffered in the past and which will be incurred or suffered in the future; all court costs, all interest, and any and all other damages which the Court deems just or appropriate, and further demands a trial by jury.

Dated this 10th day of October, 2013 .

**ROBERT L. GARDANA, P.A.**
Attorneys for Plaintiff
12350 SW 132 Court, #204
Miami, Florida 33186
PH: 305-358-0000
FAX: 305-358-1680
GardanaLaw@gmail.com

By: /s/ _____
        **Robert L. Gardana, Esq.**
        **Florida Bar No. 279668**